HIRSCH ADELL (CSB 34208) and
WILLIAM Y. SHEH (CSB 221275), Members of
REICH, ADELL & CVITAN
A Professional Law Corporation
3550 Wilshire Blvd., Suite 2000
Los Angeles, California 90010-2421
Telephone: (213) 386-3860
Facsimile: (213) 386-5583
E-Mails: hirscha@rac-law.com;
williams@rac-law.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERENCE L. YOUNG, on behalf of Writers' Guild-Industry Health Fund and Producer-Writers Guild of America Pension Plan,<br><br>    Plaintiff,<br><br>v.<br><br>SIERRALTA ENTERTAINMENT GROUP, INC., a Florida corporation; MIGUEL SIERRALTA, an individual,<br><br>    Defendants. | CASE NO. CV 07-04235 SJO (CWx)<br><br>[PROPOSED] JUDGMENT AND FINAL ORDER FOR ACCOUNTING<br><br>Date: January 28, 2008<br>Time: 10:00 a.m.<br>Ctrm: 880 (Roybal Bldg.)<br>      255 East Temple Street<br>      Los Angeles, CA 90012 |

*Note changes by Court.*

The motion of plaintiff TERENCE L. YOUNG (YOUNG), on behalf of the Writers' Guild-Industry Health Fund and Producer-Writers Guild of America Pension Plan (collectively, the "Plans"), for entry of a Judgment and Final Order for Accounting came before this court on January 28, 2008. Upon consideration of the evidence and argument presented, the Court hereby GRANTS plaintiff's motion *subject* /// *to the Court's changes below.*

- 1 -

::ODMA\PCDOCS\RACC\152886\1

THE COURT FINDS that on September 13, 2007, the Clerk of the Court entered the default of SIERRALTA ENTERTAINMENT GROUP, INC., a Florida corporation (SEG, INC.), and MIGUEL SIERRALTA, an individual (SIERRALTA).

THE COURT FURTHER FINDS THAT, to ascertain the precise amount of money damages, if any, due to the Plans, and pursuant to the Trust Agreements of the Plans by which SEG, INC. and SIERRALTA are bound, and the provisions of the Employee Retirement Income Security Act (ERISA) § 502(a)(3), 29 U.S.C. § 1132(a)(3), it is necessary for plaintiff YOUNG to conduct an audit of the books and records of defendant SEG, INC.

IT IS THEREFORE ORDERED that defendants SEG, INC. and SIERRALTA, jointly and severally, their managing employees, successors, corporate officers, and all others acting in active concert or participation with them, within thirty (30) days of service of this final Judgment and Order, submit to an audit of SEG, INC.'s books and records and to cooperate in all respects with the Plans' representative for the purpose of ascertaining the contributions due to the Plans and the damages to the Plans for any failure to pay such contributions.

IT IS FURTHER ORDERED that at the time of the audit that SEG, INC. and SIERRALTA produce to the auditors of the Plans all books and records required to conclude the audit, including, but not limited to, the following documents, covering the time period from July 1, 2002, through the date of the audit:

    (a)    A complete list of projects in development or production;

    (b)    A chart of all accounts;

    (c)    All general ledgers;

(d) All contracts for writing service for writers hired by SEG, INC.;

(e) All option/purchase contracts with professional writers for the acquisition of literary material;

(f) All cancelled checks (front and back) for all writing payments made to writers hired by SEG, INC.;

(g) All documentation relating to payments for writing services on behalf of SEG, INC.;

(h) W-2s or 1099-MISCs issued by SEG, INC. to its writers;

(i) Copies of scripts for each contracted writing service on behalf of SEG, INC.;

(j) State and federal payroll tax returns; and

(k) All bank statements for all checking, savings and investments accounts of SEG, INC. for the period of the audit.

~~IT IS FURTHER ORDERED THAT plaintiff is entitled to fees and costs against SEG, INC. and SIERRALTA, jointly and severally, pursuant to 29 U.S.C. § 1132(g)(2)(D) and the parties' written agreements. Plaintiff shall file a motion for fees and bill of costs within 21 days of entry of this Judgment, and the award of fees and costs shall be retroactive to the entry of this judgment, and shall be considered a single judgment.~~

/ / /
/ / /
/ / /
/ / /
/ / /

1  The failure of SEG, INC. and SIERRALTA to comply with this Order
2  may be grounds for contempt of court.
3
4  IT IS SO ORDERED.
5
6  DATED: 2/6/08
7  _____
   HON. S. JAMES OTERO
   U.S. DISTRICT COURT JUDGE
8
9  SUBMITTED BY:
10 REICH, ADELL & CVITAN
   A Professional Law Corporation
11
12 By: _____
       WILLIAM Y. SHEH
13     Attorneys for Plaintiff

- 4 -

::ODMA\PCDOCS\RACC\152886\1

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 3550 Wilshire Boulevard, Suite 2000, Los Angeles, California 90010.

On **December 13, 2007**, I served the foregoing document described as **(PROPOSED) JUDGMENT AND FINAL ORDER FOR ACCOUNTING** on the interested parties by way of United States first class mail by placing

[ ] the original   [X] a true copy thereof

enclosed in a sealed envelope addressed as follows:

Miguel Sierralta                Sierralta Entertainment Group, Inc.
420 Lincoln Road                420 Lincoln Road
Miami Beach, FL 33139           Miami Beach, FL 33139

[X] (By Mail) As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] (By Fax) I transmitted said document(s) at ____ p.m. to fax telephone number _____ executed on _____ at Los Angeles, California.

Executed on **December 13, 2007** at Los Angeles, California.

[X] (Federal Court) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
CHERYL WINBORNE

150437.1